IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE CROSS-LINK GROUP, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 1:08-CV-2656-ODE |
| ) | |
| FIDELITY AND GUARANTY ) | |
| INSURANCE ) | |
| UNDERWRITERS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION AND NOTICE OF LIEN FOR ATTORNEY'S FEES AND EXPENSES

Holly Geerdes, former counsel for Plaintiff, files this Amended Motion and Memorandum of Law in support of attorney fees and costs. For the reasons set forth below, such Motion should be granted.

### Motion and Memorandum of Law

Holly Geerdes was retained by Juliet Kilby on or around August 21, 2006 to represent Ms. Juliet Kilby and her company, The Cross-Link Group, located at 2298 Cascade Road, Atlanta, Georgia 30311, which was confirmed via letter on August 31, 2006. Plaintiff and Defendant at the hearing on attorney fees both

acknowledged the existence of the agreement and attorney client relationship in the above matter. Plaintiff acknowledged at the hearing that Holly Geerdes and her staff had worked on her case from August to the end of October 2006. Evidence of the work was submitted into evidence. Majority of the work done by Ms. Geerdes and her staff was compiling, reconciling, and organizing Plaintiff's financial records to determine for evidentiary purpose the damage amount Plaintiff could claim with Defendant, which was almost identical to the ultimate settlement reached in this matter by Mr. Kraus. Plaintiff at the hearing complained that Mr. Kraus had her prepare and bring in all the financials to determine the damage amount, which was organized and compiled by Holly Geerdes and her staff who had to recreate Plaintiff's entire financials for Cross-link due to her quickbooks crashing. There were no financials for anyone to determine the damage amount without Holly Geerdes and her staff recreating all of Cross-Link's financials which Plaintiff admitted at the hearing was provided to Kraus in binders.

Plaintiff and Holly Geerdes agreed upon a contingency fee of 35%, reservation of the rights to use Paralegals, Law Clerks, other Attorneys, or Support Staff, Of Counsel, including persons outside of the firm to assist with her case. The agreement also provided that in the event Ms. Kilby retained another attorney, Ms. Kilby would be responsible for all out-of-pocket expenses and all attorney hours expended on her case at two hundred fifty dollars an hour ($250.00) which

should be payable at the time new counsel is retained or at the time Ms. Kilby received settlement or judgment award. On October 30, 2006 Attorney Holly Geerdes had no choice but to terminate legal representation for Plaintiff's failure to cooperate in preparation of her case and her insistence on altering the terms of representation to avoid paying attorney's fees. Subsequently, Ms. Kilby hired Mr. Kraus who agreed to pay all previous attorney liens. Holly Geerdes was notified by Mr. Kraus that a settlement had been reached via proposed order that he drafted and signed by this Court. Thus, there is no dispute that Mr. Kraus knew of the prior attorney client relationship in this matter.

Testimony and evidence was provided at the hearing that Holly Geerdes and her staff expended over one hundred and five (105) hours meticulously examining Ms. Kilby's company, The Cross-Link Group's books (Quickbooks documents, bank statements, checks, and invoices for the past several years (2003 to 2006) in order to access the damages and losses to her company, the artwork, and the café for her insurance claim. Holly Geerdes' staff and Attorneys compiled excel sheets of data from 2003 to 2006 outlining all the damages of which Ms. Kilby and The Cross-Link Group had provided back up, which she admitted to providing to Mr. Kraus in binders. Holly Geerdes even secured an insurance expert and an accountant to aid in the thorough review of the insurance policy and to audit the back-up documents for the claim. Ms. Kilby had not filed income taxes for several

years on behalf of The Cross-Link Group which further complicated obtaining the necessary back up of her claim. All of the work performed by Holly Geerdes and her staff was fully documented by a description of the tasks performed, number of hours to complete the task, the hourly rate, and the total for each staff member's task and the date the task was completed, which was submitted into evidence at the hearing.

Per the terms of engagement, Plaintiff is required to pay Attorney Holly Geerdes for the hours and expenses incurred at the time she receives settlement. Plaintiff's now former attorney Mr. Kraus also had an agreement to pay all of Plaintiff's former attorney liens. Thus, both Plaintiff and Mr. Kraus should be jointly and severally liable for Holly Geerdes' attorney fees and costs. This contractual agreement alone provides Ms. Geerdes with attorney fees out of the settlement proceeds.

Even if there was no contractual agreement, attorney Holly Geerdes is entitled to payment of her attorney fees and expenses based on O.C.G.A. 15-19-14 quantum meruit, which provides equitable right to attorney fees and expenses incurred. The purpose of this statute is to protect attorneys who provide services to a client who refuses to pay for the services and switches to another attorney. There is no language in O.C.G.A. 15-19-14 that limit this statute to attorneys who only file a civil action, *which* is contrary to the spirit, logic, and policy behind this

statute. To limit the reading of this statute to provide only protection to those that only file a lawsuit promotes the very thing that the statute is meant to protect against.

Plaintiff's former attorney Mr. Kraus contends that only attorneys that were involved in the filed lawsuit are entitled to the proceeds of the settlement. Furthermore, Mr. Kraus contends that because Holly Geerdes withdrew from the case, she is likewise not entitled to the proceeds of settlement, as if she waived her right to be paid for services even though Plaintiff and her had an express agreement that Plaintiff would be responsible for any fees and billables incurred in the event she hired another attorney and even though Mr. Kraus had an agreement with Plaintiff to pay all attorney liens that arises in this matter. Again, prior to the agreement to pay all attorney's liens, Mr. Kraus had notice and admitted at the hearing of the prior relationship between Plaintiff and Holly Geerdes on this same matter. Thus, Mr. Kraus' objection to the attorney's lien should be waived when he had notice and thereafter agreed to pay former attorney's liens and fees related to this matter. Furthermore, Mr. Kraus' contentions are inconsistent with the purpose of the statute providing for quantum meruit relief. It appears that Mr. Kraus is confusing or misunderstanding the right to a lien versus where and when a lien attaches and is perfected. In essence because the lien cannot be perfected until

a lawsuit is filed, Mr. Kraus mistakenly interprets this to mean that there is no right to a lien, which is an error.

An attorney lien arises upon the attorney's employment and is perfected at the time of the ultimate recovery by the client. *Lipton v. Warner, Mayoue & Bates, P.C.,* 228 Ga. App. 516(1998). So, long as services were provided and the fruits of that labor was somehow used in the lawsuit, judgment, or settlement, former attorney has a right to attach the lien once lawsuit is filed and perfect upon final judgment or settlement. Attorney's lien created under O.C.G.A. 15-19-14 (c) attaches to the fruits of the labor and the skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way. *Lipton v. Warner, Mayoue & Bates, P.C.,* 228 Ga. App at 516(1998).

*In the Matter of Harvey L. HALL, Debtor. No. 03-54624,* 15 B.R. 911 (2009), the federal court ruled that an attorney that did not file the lawsuit or was attorney of record on the filed action that obtained final settlement not only had standing to invoke his rights to settlement proceeds for attorney fees but also was entitled to quantum meruit recovery out of the proceeds of the settlement for his pre-litigation services pursuant to quantum merui. Thus, an attorney's lien is not dependent on who files the lawsuit or who ultimately obtains settlement. Under quantum meruit, there just has to be a filed action for the quantum meruit lien to be perfected. However, the attorney attempting to obtain attorney fees in *In the*

*Matter of Harvey L. HALL, Debtor* based on quantum meruit ultimately could not recover because he failed to keep records of the billable work done and could not provide evidence of the hourly rate and billable hours for the court to determine proof of the services provided. See also *Lipton v. Warner, Mayoue & Bates, P.C.*, 228 Ga. App. 516(1998) (attorney withdrew from representation but entitled to attorney fees even where no contract exists because client knew and consented to services being provided by former attorney).

In the present case, Holly Geerdes and her paralegal provided evidence of the agreement for services, the terms of payment if Plaintiff hired another attorney, described the services provided to Plaintiff, as well as the hours and rates of services, which was not objected to by Plaintiff. Mr. Kraus and Plaintiff acknowledged the existence of the agreement, Plaintiff did not object to the amount and costs of the services provided at the hearing, and Plaintiff admitted that binders of the financials were provided to Mr. Kraus, which were the the work compiled by Holly Geerdes and her staff, resulting in almost identical settlement amount estimates. Mr. Kraus never submitted into evidence a specific itemization of the services, rates and hours that he spent on Plaintiff's case.

WHEREFORE, Holly Geerdes respectfully requests this Court to grant her motion for attorney's fees in the amount it determines to be reasonable based on the aforementioned reasons.

Respectfully submitted this 29 day of September, 2010.

/s/ Holly Geerdes
Holly Geerdes, Esq.
Georgia Bar No. 288705
944 Burns Drive
Atlanta, Georgia 30310
404-257-1777
404-257-1050 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing document was prepared using Time New Roman 14 point, in accordance with L.R. 5.1 (B).

/s/ Holly Geerdes
Holly Geerdes, Esq.
Georgia Bar No. 288705
944 Burns Drive
Atlanta, Georgia  30310
404-257-1777
404-257-1050 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on September 29, 2010, a true and correct copy of the foregoing document was served electronically by the U.S. District Court for the Northern District of Georgia's Electronic Document Filing System (CM/ECF) upon the following:

>Harold Michael Bagley
>Karen Kirkpatrick Karabinos
>Drew Eckl & Farnham
>P.O. Box 7600
>880 West Peachtree Street, N.W.
>Atlanta, GA 30357-7600
>404-885-6415

>Roger Frank Krause
>Krause, Golomb & Witcher, LLC
>Suite 414
>1447 Peachtree Street, NE
>Atlanta, GA 30309
>404-835-8080
>404-872-2871 (fax)

/s/ Holly Geerdes
Holly Geerdes, Esq.
Georgia Bar No. 288705
944 Burns Drive
Atlanta, Georgia  30310
404-257-1777
404-257-1050 (fax)